IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JONATHAN CALDWELL,　　　　　)
　　　　　　　　　　　　　　　)
　　　Petitioner,　　　　　　 )
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　 )　　Civil Action No. 3:25CV503–HEH
　　　　　　　　　　　　　　　)
COMMONWEALTH OF VIRGINIA,　　)
　　　　　　　　　　　　　　　)
　　　Respondent.　　　　　　)

## MEMORANDUM OPINION
(Dismissing § 2241 Petition)

Petitioner, a Maryland prisoner proceeding *pro se*, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks to have his pending charges for grand larceny in the Circuit Court for Loudoun County, Virginia, dismissed for failure to comply with the Interstate Agreement on Detainers Act ("IADA"). Because it appeared that Petitioner failed to comply fully with the appropriate provisions of the IADA and failed to exhaust his state court remedies, by Memorandum Order entered on August 29, 2025, the Court directed Petitioner to show cause within thirty (30) days of the date of entry thereof why the action should not be dismissed without prejudice.

As pertinent here, the Court stated,

> Furthermore, before obtaining relief in this Court, Petitioner must first exhaust his state-court remedies. . . .
> . . . [F]ederal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. . . . Here, the issues raised by Petitioner, in his § 2241 Petition, may be resolved either by (1) a pretrial motion in the Circuit Court of [Loudoun] County, or (2) subsequent direct and collateral appeals. Simply, writing

letters requesting the disposition of his pending criminal charges fails to exhaust his remedies in the Virginia courts. . . . Accordingly, within thirty (30) days from the date of entry hereof, Petitioner is DIRECTED to show cause why his 2241 Petition should not be dismissed without prejudice.

(Mem. Order to Show Cause at 2–4, ECF No. 9) (citations omitted) (internal quotation marks omitted).

On September 18, 2025, Petitioner responded. (ECF No. 10.) Petitioner submitted evidence indicating he may have tendered the appropriate paperwork to the appropriate officials. (*Id.*) Still, however, Petitioner has failed to exhaust his remedies.

Petitioner fails to demonstrate that the Court should excuse him from complying with the exhaustion requirement. As the Court previously informed Petitioner, simply writing letters requesting the disposition of his pending criminal charges does not exhaust his remedies in the Virginia courts. (Mem. Order to Show Cause at 4.) Accordingly, the Court will dismiss the action without prejudice.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 17, 2025
Richmond, Virginia

2